[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

---

No. **00-1299**

UNITED STATES,

Appellee,

v.

KYLE MINTON,

Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Nathaniel M. Gorton, U.S. District Judge]

---

Before

Selya, Boudin and Lynch,
Circuit Judges.

---

James R. Knudsen and Whittenberg & Associates on brief for appellant.
Donald K. Stern, United States Attorney, and Heidi E. Brieger, Assistant U.S. Attorney, on Motion for Summary Disposition for appellee.

---

**May 14, 2001**

---

**Per Curiam**.  Kyle Minton appeals from his 74-month sentence imposed following a guilty plea to possession and distribution of cocaine base.  Minton's sole argument on appeal is that the district court erred in applying the enhancement for crack cocaine under the Sentencing Guidelines.  Specifically, Minton argues that the government proved only that the substance at issue was "cocaine base," but failed to prove that it was "crack," the only form of cocaine base to which the sentencing enhancement applies. We remanded for further findings and, if necessary, an evidentiary hearing regarding the type of drugs that Minton possessed and sold.

On remand, the district court held an evidentiary hearing on April 2, 2001, to determine, in the court's words, "whether the substance at issue was the crack form of cocaine base or some other form of cocaine base."  At that hearing, Drug Enforcement Administration (DEA) Special Agent David O'Neill testified. <u>Id.</u>, p. 4.  After being found by the district court to be fully qualified to testify on the subject, Special Agent O'Neill testified that the drug substance seized was "lumpy and rocky with an off-white color, all characteristics which indicated to him that it was crack cocaine."  Subsequent laboratory tests confirmed that "the active drug ingredient is cocaine base."

Recent opinions of this court have clarified the "cocaine base/crack distinction in the sentencing context." United States v. Richardson, 225 F.3d 46, 49 (1st Cir. 2000).

> Both the statute and the Guidelines impose significantly greater penalties for distributing (or manufacturing, dispensing, or possessing with intent to manufacture, distribute, or dispense) a given quantity of "cocaine base" rather than an equivalent quantity of "cocaine" (i.e., cocaine hydrochloride or powder cocaine). See 21 U.S.C. § 841(b)(1)(A)(ii), (iii); U.S.S.G. § 2D1.1(c). Neither the statute nor the drug-quantity table in the Guidelines that establishes the offense level uses the word "crack." Section 841(b) does not define "cocaine base," but we have held that the term, as used in the statute, includes all forms of cocaine base, including but not limited to crack. See United States v. Lopez-Gil, 965 F.2d 1124, 1134 (1st Cir. 1992) (opinion on panel rehearing). As used in the Guidelines, however, "cocaine base" has, since a 1993 amendment, a narrower meaning: "'Cocaine base,' for the purposes of this guideline, means 'crack.' 'Crack is the street name for a form of cocaine base, usually prepared by processing cocaine hydrochloride and sodium bicarbonate, and usually appearing in a lumpy, rocklike form." U.S.S.G. § 2D1.1 Node (D). For Guidelines purposes, then, forms of cocaine base other than crack are treated as cocaine. See U.S.S.G. App. C, Amend. 487 (1993).

Id.

Therefore, proof that a substance meets the chemical definition of cocaine base does not suffice to prove that the guideline definition of cocaine base (i.e., crack) applies. "Chemical analysis cannot distinguish crack

-3-

from any other form of cocaine base because crack and all other forms of cocaine base are identical at the molecular level. . . . Crack can be differentiated from other cocaine bases only by appearance and texture." <u>United States</u> v. <u>Robinson</u>, 144 F.3d 104, 109 (1st Cir. 1998). However, once the government has proven by chemical analysis that a substance is cocaine base, lay opinion testimony may suffice to prove that it is crack. <u>Richardson</u>, 225 F.3d at 50.

Based upon Special Agent O'Neill's sworn testimony, DEA reports, and Minton's answers to questions posed to him by the court at his change-of-plea hearing, the district court found that "the government has satisfied its burden of proving, by a preponderance of the evidence, that the substance at issue was the crack form of cocaine base."

In our order remanding this case, we permitted the parties to file supplemental briefs within twenty days of the filing of the district court's supplemental report. That document was received by this court on April 6, 2001. Neither party has filed a supplemental brief. In all events, it is readily apparent that the district court's finding survives clear-error review. Once scientific evidence established that the substance was cocaine base, "competent lay testimony, remarking the substance's distinctive appearance and texture and identifying it as crack, forged the final link in the evidentiary chain." <u>United States</u> v. <u>Martinez</u>, 144 F.3d 189, 190 (1st Cir. 1998).

The sentence is <u>affirmed</u>.

By the Court:
PHOEBE MORSE, Clerk


By:_____
     Chief Deputy Clerk


-4-


[cc: Heidi E. Brieger, Esq., Dina Chaitowitz, Esq.,

James Knudsen, Esq.]